IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| D'ANGELO NUNEZ | § | |
| VS. | § | CIVIL ACTION NO. 1:13-CV-412 |
| WARDEN JOHN B. FOX | § | |

MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, D'Angelo Nunez, a federal prisoner currently confined at USP Beaumont, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends this petition for writ of habeas corpus be dismissed.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record, and pleadings. Petitioner filed objections to the Magistrate Judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, however, the Court finds the objections lacking in merit. Petitioner contends that the recent Supreme Court decision in *Alleyne* entitles him to relief in this collateral proceeding. *Alleyne v. United States* – U.S. –, 133 S.Ct. 2151, 186 L.Ed.2d 315 (2013). Petitioner relies on the following holding from the *Alleyne* Court:

> [a]ny fact that, by law increases the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt. Mandatory minimum sentences increase the penalty for a crime. It follows, then, that any fact that increases the mandatory minimum is an "element" that must be submitted to the jury.

*Alleyne,* 133 S.Ct. at 2155 (citations omitted).

Based on the above, petitioner claims he has made a showing that he is innocent of the court imposed enhanced predicate sentence and thus meets the savings clause of § 2255. As a

result, petitioner requests that the court should proceed to the merits of his underlying claims.

To the extent petitioner relies on *Alleyne*, he cites no authority supporting the position that *Alleyne* is a new procedural rule that applies retroactively on collateral review. The Supreme Court has clearly stated that "a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001). The Court has not declared its decision in *Alleyne* to be a "new rule" of constitutional law that is retroactively applicable. While it does not appear that the Fifth Circuit has, as of yet, ruled on this issue, the courts that have addressed it have all held that *Alleyne* is not retroactive. *See e.g., Mingo v. United States*, No. 1:03-CR-203-05; No. 1:13-CV-787, 2013 WL 4499249 * 2 (W.D. Mich., Aug. 19, 2013) (denying § 2255 motion because "[t]he holding in *Alleyne* does not qualify as a new 'watersheld rule,'"); *United States v. Eziolisa*, No. 3:10-CR-039, No. 3:13-CV-236, 2013 WL 3812087 * 3 (S.D. Ohio, July 22, 2013) (holding that because *Alleyne* neither places any primary conduct the power of the United States to punish, nor adopts a "watershed" rule, it does not apply retroactively to a motion for relief from sentence filed under § 2255); *Carter v. Coakley*, No. 4:13-CV1270, 2013 WL 3365139 * 4 (N.D. Ohio, July 3, 2013) (holding that *Alleyne* did not provide relief under § 2241 because "*Alleyne* is not such an intervening change in the law and does not decriminalize the acts which form the basis of Petitioner's conviction."); *Smith v. Holland*, No. 13-CV-147, 2013 WL 4735583 (E.D. Ky., Sept. 3, 2013); *Simpson v. United States*, 2013 WL 3455876 * 1 (7th Cir. July 10, 2013); *United States v. Ailsworth* 2013 WL 4011072 * 1 (D. Kan., Aug. 6, 2013); *United States v. Stewart*, 2:09-CR-12, 2013 WL 4553349 (S.D. Miss., Aug. 28, 2013); *United States v. Cantu-Rivera*, 2013 WL 3873281 * 1 (S.D. Tex. July 24, 2013).

Furthermore, even if *Alleyne* was considered retroactive, petitioner is not alleging that his conviction was based on conduct which is not criminal. Instead, he asserts he is innocent of the court imposed enhanced predicate sentence. However, this type of claim relating to punishment is not sufficient to invoke the savings clause of Section 2255. *Kinder v. Purdy*, 222 F.3d 209, 213-

2

14 (5th Cir. 2000) (claim of actual innocence of career offender enhancement not properly raised in Section 2241 petition because petitioner was not claiming actual innocence of crime, only of the enhancement); *see also McNeal v. Martin*, 2011 WL 1664486 (5th Cir. May 4, 2011) (prisoner's claim of actual innocence of career-offender sentencing enhancement not cognizable under Section 2241); *Dority v. Roy*, 2010 WL 4558884 (5th Cir. Nov. 8, 2010) (claim of actual innocence of armed career offender enhancement is not sufficient to satisfy savings clause); *Hartfield v. Joslin*, 235 Fed. App'x 357, 358 (5th Cir. 2007) (claim of actual innocence of career offender enhancement is not sufficient to satisfy savings clause). As a result, this petition should be denied.

ORDER

Accordingly, the objections of petitioner are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

So **ORDERED** and **SIGNED** this **22** day of **November, 2013.**

_____
Ron Clark, United States District Judge